# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| MAISON ROYALE, LLC | CASE NO. 23-10966 |
| DEBTOR | CHAPTER 7 |

## MEMORANDUM OPINION

This matter came before the court on February 28, 2024, on the Motion for Partial Summary Judgment[1] ("Motion") filed by Rick Sutton ("Mr. Sutton") regarding the Objection to Proof of Claim 4 of Jack Adams ("Mr. Adams").[2] The chapter 7 trustee, Wilbur J. Babin, Jr. ("Trustee"), joined in the Motion.[3] The primary thrust of the Motion is to have this court determine the applicable prescriptive period under Louisiana law for Mr. Adams' claims.

## I. Jurisdiction, Venue, and Core Status

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). To the extent any of these issues are non-core in nature, the parties are deemed to have consented to this court rendering a final judgment.

## II. Summary Judgment Standard

F.R.B.P. 7056 makes F.R.C.P. 56 applicable in adversary proceedings, so jurisprudence construing Rule 56 is equally applicable to motions under F.R.B.P. 7056. The Fifth Circuit held in *Drayton v. United Airlines, Inc.*:[4]

---

[1] Motion for Partial Summary Judgment, P-286.

[2] In Mr. Sutton's Objection to Claim 4 [P-271], he joined the Objection to Claim of the chapter 7 trustee [P-253].

[3] Trustee's Response and Joinder, P-290.

[4] *Drayton v. United Airlines, Inc.*, No. 23-20017, 2023 WL 5919327 (5th Cir. Sept. 11, 2023).

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record ..." Fed. R. Civ. P. 56(c)(1)(A). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]

### III. Findings of Fact

Mr. Sutton and Mr. Adams have been embroiled in litigation in state court for roughly ten years surrounding the operations and wind down of the debtor, Maison Royale, LLC ("Debtor"). On June 20, 2023, the Debtor filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code, and Mr. Adams signed the petition as "managing member." Despite not agreeing on much over the past decade, the two gentlemen apparently agree that Mr. Adams is the managing member of the Debtor.

On September 20, 2023, the case was converted to chapter 7. Thereafter, among other things, the Trustee was authorized by this court to take possession of approximately $775,000 being held in the registry of the court in Orleans Parish.[6] The Trustee has advised the court that he now holds those funds.

Mr. Adams timely filed Proof of Claim 4 ("the Adams Claim"), claiming he is owed $1,699,190.04 from various loans he made to the Debtor over the course of several years. The $1,699,190.04 in aggregate claimed loans is comprised of the following:

| Net Cash Out of Pocket Loss made prior to the Debtor's closing in November 2016 | $219,866.00 |
|---|---|
| Loan for Registry Funds made on or before June 9, 2017 | $775,246.00 |

---

[5] *Drayton*, 2023 WL 5919327, at *2.

[6] Order dated September 28, 2023, P-193. On April 25, 2017, Judge Julien of the Civil District Court, Parish of Orleans, ordered Mr. Adams to deposit $775,246.00 into the registry of the court. Exhibit B to Mr. Adams' Opposition, P-294-3. Mr. Adams deposited the funds in the state court registry on June 9, 2017. *Id*.

| | |
|---|---|
| Post-closure Expenses made on or before January 10, 2017[7] | $82,379.81 |
| Loans for Attorneys' Fees and Expenses[8] | $621,698.23 |

The Trustee objected to the Adams Claim and Mr. Sutton joined in that objection. A trial on the Adams Claims has been scheduled to commence on April 15, 2024, and will continue, if necessary, on April 19, 2024. Importantly, the parties are still conducting written discovery and have at least one crucial deposition to take. Further, the deadline to provide the court with witness and exhibit lists has not run. Typically, outstanding discovery alone serves to defeat most summary judgment motions. But the court finds that judicial economy will greatly benefit from having a ruling on prescription prior to trial.

**IV. Applicable Prescriptive Period**

The Trustee and Mr. Sutton seek partial summary judgment that the Adams Claim on the purported loans made by Mr. Adams to the Debtor, with the exception perhaps of the $25,000 paid to bankruptcy counsel in 2023 as a retainer, are prescribed pursuant to La. Civ. Code art. 3494(3). Article 3494(3) provides that actions on "money lent" are "subject to a liberative prescription of three years."[9]

Mr. Adams maintains that the three-year prescriptive period in article 3494(3) does not apply to actions on money lent by a member of a limited liability company ("LLC") to the LLC. Instead, he contends that the ten-year prescriptive period on "a personal action" pursuant to La.

---

[7] Mr. Adams contends that the $82,379.81 includes five months of rent at $8,500 per month plus $39,879.81 for property taxes and other expenses of the Debtor to its landlord.

[8] Mr. Adams' addendum to his proof of claim provides that the $621,698.23 includes (1) $338,397.29 paid to Greenberg Traurig, P.A., (2) $243,355.79 paid to Phelps Dunbar LLP, (3) $14,945.15 paid to Barrasso Usdin Kupperman Freeman & Sarver, LLC, and (4) $25,000 retainer paid to Lugenbuhl, Wheaton, Peck, Rankin & Hubbard ("Lugenbuhl").

[9] Mr. Adams has not alleged that the loans were memorialized in promissory notes. Therefore, the five-year liberative prescription on "negotiable instruments" pursuant to La. C.C. Art. 3498 is not applicable.

Civ. Code art. 3499 is applicable. Alternatively, Mr. Adams contends that even the shorter prescriptive period, if applicable, has been interrupted by acknowledgement pursuant to La. Civ. Code art. 3464. He also contends that the doctrine of *contra non valentem* prevented the running of prescription, at least on the $775,246.00 deposited in the state court registry and now held by the Trustee.

La. Civil Code art. 3494 clearly provides that "[a]n action on money lent" is "subject to a liberative prescription of three years." La. Civil Code art. 9 provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

Mr. Adams contends that his proof of claim is an action on money lent but that because he was a member and manager of the Debtor, the prescriptive period on "a personal action" under La. Civ. Code article 3499 applies, rather than the three-year prescriptive period on "money lent" pursuant to 3494(3). He has been unable to point to any law, either statutory or jurisprudential, that is directly on point.

In *Starns v. Emmons*,[10] the Louisiana Supreme Court discussed the relationship between articles 3494 and 3499.

> All of the actions covered by the provisions of [article 3494] essentially arise from contractual relationships. Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.[11]

---

[10] *Starns v. Emmons*, 538 So. 2d 275 (La. 1989).

[11] *Starns*, 538 So. 2d at 278.

In *Burge v. State*,[12] the Louisiana Supreme Court discussed the interplay between specific and general laws:

> The general rule of statutory construction is that a specific statute controls over a broader, more general statute. "It is a well-settled canon of statutory construction that the more specific statute controls over the general statute." *State v. Sharp,* 05–1046, pp. 5–6 (La. App. 1st Cir. 6/28/06), 939 So.2d 418, 421. This Court has held that "It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *State v. Campbell,* 03–3035, p. 8 (La.7/6/04), 877 So.2d 112, 118.[13]

Applying the Louisiana Supreme Court's reasoning in *Burge*, La. Civ. Code art. 3494(3), which is specifically directed to actions on "money lent," must prevail as an exception to La. Civ. Code art. 3499, the general statute on "personal action." The language of article 3499 even qualifies that it applies "unless provided by legislation."[14] More specific legislation was provided in article 3494.

The cases cited by Mr. Adams in support of his position are distinguishable from the case at bar. For example, in *First Nat. Bank of Commerce v. de Lamaze*[15] the court held that a ten-year prescriptive period applied to loans made from one partner of a partnership to another partner. Mr. Adams makes much of language used by the *de Lamaze* court suggesting that only arm's length loan transactions are subject to the shorter prescriptive period. But that case distinguishes an arm's length loan from a contractual partnership dispute between partners. This

---

[12] *Burge v. State*, 2010-2229 (La. 2/11/11), 54 So. 3d 1110.

[13] *Burge*, 54 So. 3d at 1113.

[14] La. Civ. Code art. 3499 provides, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

[15] *First Nat. Bank of Com. v. de Lamaze*, 7 F. 3d 1227 (5th Cir. 1993).

case involves neither of those scenarios but rather falls in the cracks and crevices in between. The court is unconvinced that *de Lamaze* demands a longer prescriptive period in this case.

Similarly, in *Reddick v. White*,[16] the dispute was between partners who had entered into a partnership in which the defendant "assumed as part of the price one-half of certain debts of the wife, agreeing in the partnership articles that the profits of the plantation should be applied to pay these debts, and as to any residue left unpaid the defendant should be bound for his part."[17] Therefore, in *Reddick*, the true nature of the action was the defendant's breach of the partnership agreement.

*Reddick* is also distinguishable from the case at bar. Here, no agreement obligated Mr. Adams to pay the Debtor's debts from his personal funds.[18] On the contrary, the typical purpose for forming an LLC is in its name – namely to limit the liability of its members.[19] With no personal guaranty in play, Mr. Adams was under no contractual or legal obligation to pay the Debtor's debts or loan the Debtor money to pay them.

Mr. Adams also relies on the recent case of *Archer W. Contractors, LLC v. McDonnel Grp., LLC*,[20] which cited both *de Lamaze* and *Reddick*. In *Archer*, The McDonnel Group, LLC

---

[16] *Reddick v. White*, 46 La. Ann. 1198, 15 So. 487 (1894).

[17] *Reddick*, 15 So. at 489.

[18] La. R.S. 12:1320(B) provides, "Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." Of course, there are certain instances in which a third party may seek to hold a member personally liable, such as veil piercing or alter ego theories. *See Hill Int'l, Inc. v. JTS Realty Corp.,* 2021-0157 (La. App. 1 Cir. 10/20/22), 370 So. 3d 16.

[19] *See 308 Decatur-New Orleans, LLC v. Rouge House, LLC,* 2020-0358 (La. App. 4 Cir. 12/23/20), 312 So. 3d 686, 691, *writ denied*, 2021-00127 (La. 4/7/21), 313 So. 3d 982 ("The purpose of establishing a limited liability company is to protect its members from personal liability for the debts of the company, not to protect the limited liability company from being sued. ")

[20] *Archer W. Contractors, LLC v. McDonnel Grp., LLC*, No. CV 22-5323, 2023 WL 5974833 (E.D. La. Sept. 14, 2023).

("TMG") and Archer Western Contractors, LLC ("AWC") entered a Joint Venture Agreement. When TMG failed to contribute the capital required, AWC contributed it and later sued AWC for its return. The court held that the action was not subject to the three-year prescriptive period on "money lent" because the true nature of the action was for breach of the Joint Venture Agreement. Therefore, the court ruled that the ten-year prescriptive period on personal actions applied.

The case at bar is distinguishable from *Archer* in that the true nature of the action is not for breach of an agreement or contract between Mr. Adams and the Debtor but rather is clearly and admittedly a claim for "money lent."

Of note, the court in *Archer* discussed the danger of treating an action on "money lent" as a contract claim.

> Indeed, the Louisiana Supreme Court has explicitly rejected the view that the ten-year period of article 3499 applies anytime an action sounds in contract. In *Starns v. Emmons*, the Louisiana Supreme Court explained that because all of the actions described in article 3494 "essentially arise from contractual relationships," to apply the ten-year period of article 3499 to all contractual actions would be to "render[ ] article 3494 useless." As that court stated, "[a]rticle 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years." Because the specific action in that case fell under a provision of article 3494, the court found that that prescription statute applied instead of the default period of article 3499, even though the action was contractual in nature.[21]

Appling *Archer*, the specific prescriptive period of three years on "money lent" is applicable in this case.

---

[21] *Archer,* 2023 WL 5974833, at *7 (citing *Starns v. Emmons*, 538 So. 2d 275 (La. 1989); *Grabert v. Iberia Par. Sch. Bd.*, 93-2715 (La. 7/5/94), 638 So. 2d 645, 647).

Finally, Mr. Adams relies on *Masset v. Baldwin Piano Co.*[22] In *Masset*, the plaintiff and defendant entered a contract whereby the plaintiff would receive commission on piano sales. The court held that the three-year prescriptive period did not apply. It found that "[t]he plaintiff acted in the capacity of an agent and belongs to none of the classes of persons enumerated in the articles of the Code which treat of the prescription of three years."[23] Mr. Adams cited *Masset* for the proposition that the ten-year prescriptive period in article 3499 is applicable because Mr. Adams was an agent or fiduciary of the Debtor. *Masset*, however, is distinguishable because the plaintiff was suing under an employment contract. He was not suing for "money lent" as is Mr. Adams. Again, Mr. Adams had no fiduciary duty to loan the Debtor money to pay company debts. To find otherwise would turn LLC laws on their collective ears.

For the foregoing reasons, the court finds that the prescriptive period of three years on "money lent" pursuant to La. Civ. Code art. 3494(3) is applicable to Mr. Adams' Claim.

## V. Interruption by Acknowledgment

Alternatively, Mr. Adams contends that his loan claims against the Debtor have not prescribed even under the shorter period because the prescriptive period was interrupted by acknowledgment and that the circumstances surrounding the acknowledgement are issues of fact not suitable for summary judgment.[24]

Specifically, he contends that in his capacity as managing member of the Debtor, he caused the Debtor to acknowledge the debt.[25] Mr. Adams points to the Reconventional

---

[22] *Masset v. Baldwin Piano Co.,* 186 La. 356, 172 So. 418 (1937).

[23] *Masset*, 172 So. at 419-20 (quoting *Sullivan v. Williams*, 2 La. Ann. 876, 876-879, 1847 WL 3478 (La. 1847)).

[24] Mr. Adams' Opposition, P-294, p. 12-13.

[25] Mr. Adams filed a Declaration that "Maison Royale accepted these debts and has acknowledged them as outstanding amounts owed to me, including within three years of each time I made the loan and periodically thereafter." P-294-2.

Demand[26] he filed in the state court litigation as an acknowledgement by the Debtor. And although discovery is not complete, Mr. Adams' counsel alluded to contemporaneously-filed tax returns as a form of acknowledgment. Finally, he contends that the Debtor acknowledged his claim in its bankruptcy schedules.

La. Civ. Code art. 3464 provides that [p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." Interruption of prescription must occur before the prescriptive period has expired.[27] Under La. Civ. Code. Art. 3466, "[p]rescription commences to run anew from the last day of interruption."

In *Bates v. City of Denham Springs*,[28] the court held that "[a]n acknowledgment may be oral, in writing, formal, informal, express or tacit. If the acknowledgement is tacit, it is necessary to ascertain that the alleged facts imply a definite admission of liability."[29] As the party asserting interruption of prescription, Mr. Adams bears the burden of proving that interruption occurred.[30] In *Whitney Nat. Bank v. Demarest*, the Fifth Circuit held that "[p]roof of interruption of prescription must be 'clear, specific and positive.'"[31]

---

[26] The Reconventional Demand was filed on December 18, 2014, in *Sutton v. Adams*, case no. 14-10709, Civil District Court, Parish of Orleans. P-286-2.

[27] *Reynolds v. Walgreen Co.,* 2021-1049 (La. App. 1 Cir. 6/2/22), 342 So. 3d 975, 984, *writ denied,* 2022-01036 (La. 10/12/22), 348 So. 3d 79 (citing *Bracken v. Payne and Keller Co., Inc.,* 06-0865, p. 7 (La. App. 1st Cir. 9/5/07), 970 So. 2d 582, 588).

[28] *Bates v. City of Denham Springs*, 2022-0853 (La. App. 1 Cir. 4/18/23), 367 So. 3d 102.

[29] *Bates*, 367 So. 3d at 107.

[30] *Whitney Nat. Bank v. Demarest*, 947 F. 2d 182, 186 (5th Cir. 1991) (citing *Bahr v. Wood,* 507 So. 2d 4, 5–6 (La. App. 2d Cir. 1987)).

[31] *Demarest*, 947 F. 2d at 186 (quoting *Landry v. Guidry,* 210 La. 194, 26 So.2d 695, 697 (1946); *Gibson Greeting Cards, Inc. v. Cabibi,* 237 So.2d 897, 898 (La.App.4th Cir.1970)).

In his opposition to the Motion, Mr. Adams relies upon statements he made in his declaration. He declared that "Maison Royale accepted these debts and has acknowledged them as outstanding amounts owed to me, including within three years of each time I made the loan and periodically thereafter."[32] In *Reynolds v. Walgreen Co.*,[33] the court held that "[i]f the acknowledgement is tacit, it is necessary to ascertain that the alleged facts imply a definite admission of liability."[34]

The court finds that there are genuine issues of material fact as to when, or if, the Debtor acknowledged these loan claims and whether interruption of prescription was sufficient to prevent the three-year prescriptive period from expiring. Therefore, summary judgment as to this issue is denied.

## VI. Contra Non Valentem

Mr. Adams further contends that he was prohibited from seeking collection or even asserting a claim to the monies being held in the registry of the state court. As such, according to Mr. Adams, prescription could not run under the doctrine of *contra non valentem.* In *Rajnowski v. St. Patrick's Hosp.*,[35] the Louisiana Supreme Court explained the doctrine of *contra non valentem*, finding:

> *Contra non valentem* is a judicially created exception to the general rule of prescription and is based on the civilian doctrine of *contra non valentem agere nulla currit praescripto.* The doctrine applies in four general situations:
>
> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

---

[32] Declaration of Jack Adams, P-294-2.

[33] *Reynolds v. Walgreen Co.,* 2021-1049 (La. App. 1 Cir. 6/2/22), 342 So. 3d 975, *writ denied,* 2022-01036 (La. 10/12/22), 348 So. 3d 79.

[34] *Reynolds*, 342 So. 3d at 984.

[35] *Rajnowski v. St. Patrick's Hosp.,* 564 So. 2d 671 (La. 1990).

(2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;

(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[36]

The party asserting *contra non valentem* bears the burden of proof.[37]

Mr. Adams contends that the second category is applicable here. Specifically, he contends that the funds he deposited into the registry of the state court on or before June 9, 2017, pursuant to state court order[38] was a loan to the Debtor, but he was prevented from making a claim against the Debtor to collect those funds.

In *F.D.I.C. v. Caplan*,[39] the court noted that "the condition necessary to trigger the second category of *contra non valentem* is fact intensive."[40] In the case at bar, genuine issues of material fact exist as to whether Mr. Adams was prevented from acting against the Debtor. Therefore, summary judgment on the issue of *contra non valentem* is denied.

### VII. Loans for Attorneys' Fees

Finally, Mr. Adams contends that he loaned the Debtor roughly $621,000 to pay lawyers in this protracted litigation with Mr. Sutton. The court has not been provided with the actual

---

[36] *Rajnowski,* 564 So. 2d at 674 (citing *Whitnell v. Menville,* 540 So.2d 304, 308 (La.1989)).

[37] *Lennie v. Exxon Mobil Corp.,* 17-204 (La. App. 5 Cir. 6/27/18), 251 So. 3d 637, 642, *writ denied,* 2018-1435 (La. 11/20/18), 256 So. 3d 994.

[38] On April 25, 2017, Judge Julien of the Civil District Court, Parish of Orleans, ordered Mr. Adams to deposit $775,246.00 into the registry of the court. Exhibit B to Mr. Adams' Opposition, P-294-3. Mr. Adams deposited the funds in the state court registry on June 9, 2017. *Id*. Those funds are now held by the Trustee.

[39] *F.D.I.C. v. Caplan*, 874 F. Supp. 741 (W.D. La. 1995).

[40] *Caplan*, 874 F. Supp. at 747.

invoices or the specifics of when the loans to pay them were allegedly made. As a result, this court cannot analyze what, if any, amounts were paid within the three years immediately preceding the bankruptcy filing and which amounts outside the three years, if any, may still be viable due to acknowledgment. Again, discovery is not complete, and the deadline has not passed for Mr. Adams to provide the exhibits in support of his claim at trial. Accordingly, summary judgment is premature, and therefore, adjudication of these specific claims is best left for trial.

## VIII. Conclusion

For these reasons, the Motion is granted in part and denied in part. Mr. Sutton is correct that the prescriptive period applicable to the Adams' Claim is three years pursuant to La. Civ. Code art. 3494. However, the court declines to rule prior to trial whether any of the debts claimed have prescribed. The issues of whether prescription was interrupted by acknowledgement or tolled by *contra non valentem* are inherently factual in nature and thus best left for trial. The court will enter a separate judgment consistent with this opinion.

Baton Rouge, Louisiana, March 11, 2024.

<u>s/ Michael A. Crawford</u>
MICHAEL A. CRAWFORD
UNITED STATES BANKRUPTCY JUDGE